Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 88 C 8684 | **DATE** | 4/1/2002 |
| **CASE TITLE** | Martin Edward Lewis vs. Henry P. Russe, M.D. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. For the reasons stated here, Lewis' current motion for case re-instatement and re-appointment of counsel is denied in its entirety. (134-1, 134-2)

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 2 - 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 136 |
| | Copy to judge/magistrate judge. | | | |
| | | | 4/1/2002 | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARTIN EDWARD LEWIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 88 C 8684 |
| ) | |
| HENRY P. RUSSE, M.D., et al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM ORDER

Martin Lewis ("Lewis") is nothing if not persistent: Fully a decade after he lost this case, twice before this District Court and then twice before our Court of Appeals (each time via a summary affirmance), with no fewer than a half-dozen (!) efforts to obtain United States Supreme Court review (see 494 U.S. 1035 (1990), 495 U.S. 941 (1990), 503 U.S. 921 (1992), 504 U.S. 935 (1992), 506 U.S. 1006 (1992) and 507 U.S. 955 (1993)), Lewis attempts to breathe life into the corpse of his long-buried claim by advancing mistaken reliance on Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133 (2000) and Pollard v. E.I. DuPont de Nemours & Co., 532 U.S. 843 (2001). For the reasons stated here, Lewis' current Motion for Case Re-Instatement and Re-Appointment of Counsel is denied in its entirety.

This Court inherited Lewis' case after it was really over in District Court terms. Initially this Court's former colleague, then District Judge Nicholas Bua, had the case. After Judge Bua had ruled on part of Lewis' claims of asserted race

/136

discrimination in his failed efforts to make the grade at Rush Medical College, the remaining issues became the subject of a bench trial (by agreement of the parties) by then Magistrate Judge Joan Gottschall (now one of this Court's colleagues on the District Court bench). Lewis lost and took an unsuccessful appeal.

When Judge Bua left our District Court, a random assignment brought any further requirement of District Judge activities to the calendar of this Court. And after Lewis had lost before the Court of Appeals for the first time and was then seeking initial further review by the Supreme Court, he made an effort somewhat like the present one (but far more timely) to revive his action on different grounds, based on a then-recent development in the law. This Court's only contribution was its December 27, 1991 memorandum opinion and order (a copy of which is attached for informational purposes) rejecting Lewis' effort. Lewis appealed again and lost again (including his unsuccessful efforts to gain Supreme Court review that time as well).

As indicated at the outset, nothing in the cases that Lewis now cites helps him. <u>Pollard</u> has not the slightest relevance, for it deals with potential damages relief for a successful plaintiff, not a losing plaintiff such as Lewis. As for <u>Reeves</u>, it will be recalled that Lewis lost on the merits before Judge Gottschall, and <u>Reeves</u> says nothing to justify disturbing that

2

decision. Indeed, even if Reeves voiced a different view of the law from that earlier taken by Judge Gottschall (which is not the case), it is far, far too late (as well as substantively incorrect) for Lewis to try to invoke Fed. R. Civ. P. 60(b)(6) at this time and under these circumstances.

In sum and as indicated earlier, Lewis' motion is denied in its entirety. One final message to Lewis: Try to get on with your life.

                                  /s/ Milton I. Shadur
                                  Milton I. Shadur
                                  Senior United States District Judge

Date: April 1, 2002

3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARTIN EDWARD LEWIS, )
)
      Plaintiff, )
)
v. )   No. 88 C 8684
)
HENRY P. RUSSE, M.D., et al., )
)
      Defendants. )

## MEMORANDUM OPINION AND ORDER

At the time that this race-discrimination action brought by Martin Edward Lewis ("Lewis") was pending in this District Court, it was on the calendar of this Court's then colleague Honorable Nicholas Bua. On May 26, 1989 Judge Bua issued a written opinion narrowing the grounds on which Lewis could proceed on his pro se Complaint and granting Lewis' motion for appointment of counsel (713 F.Supp. 1227 (N.D. Ill. 1989)). From the record it appears that the appointed counsel then found it impossible to work with Lewis, and on September 20, 1989 Judge Bua relieved appointed counsel of his responsibilities and ruled that no other lawyer would be appointed to represent Lewis.[1]

In another portion of his brief September 20, 1989 minute order, Judge Bua dismissed Lewis' claims under 42 U.S.C. §1981 ("Section 1981")--claims that had survived in Judge Bua's May 26, 1989 written opinion. Although the written minute order is silent on the subject, that dismissal was obviously triggered by the fact that the intervening decision in Patterson v. McLean

---

[1] Throughout the entire period thereafter--in the District Court, the Court of Appeals, now before the Supreme Court, and finally in the current motion--Lewis has been acting pro se.

Credit Union, 491 U.S. 164 (1989) had rendered Section 1981 unavailable for the assertion of Lewis' claims.

Some months later Judge Bua granted the motion of defendants to strike Lewis' jury demand as to his remaining claims (asserted under Title VI), and the parties then agreed that the case could be tried by Magistrate Judge Joan Gottschall. On July 9, 1990 Magistrate Judge Gottschall issued a lengthy memorandum opinion and order in which she ruled in defendants' favor on all remaining claims, concluding her opinion in this fashion:

> Lest there by any confusion, the court by this ruling finds that at the close of plaintiff's case, defendants were entitled to judgment in their favor as plaintiff had failed to show that race was a factor in any of the adverse actions of which he complains, and they are similarly entitled to judgment now, if all of the evidence is considered.

Lewis then took the case to our Court of Appeals, which on April 29 of this year affirmed Magistrate Judge Gottschall's dismissal order summarily "[b]ased on the arguments set forth in appellant's [Lewis'] brief" (this was the language of the Court of Appeals' summary order of that date, issued without written opinion). As will be mentioned later in this opinion, Lewis has now proceeded--still pro se--to seek review from the Supreme Court.

Quite independently of that effort to obtain further consideration of his case by the highest Court, Lewis has just now sought to revive this action in this District Court by filing a motion to reinstate his Section 1981 claims (he purports to rely for that purpose on the newly-adopted Civil Rights Act of

2

1991, the "1991 Act") and to vacate Magistrate Judge Gottschall's final order of dismissal in all other respects (he seeks such added relief on a basis left entirely unclear by his motion). Because Judge Bua has retired, the matter has been reassigned at random to this Court's calendar. For the reasons stated in this memorandum opinion and order, Lewis' motion is denied.

One of the purposes of the 1991 Act was a legislative overruling of Patterson, thus bringing a wider range of discrimination claims within the reach of Section 1981. As for the scope of claims that are to be covered by that expansion of Section 1981, 1991 Act §22(a) sets out the statute's effective date:

> IN GENERAL.--Except as otherwise specifically provided, this Act and the amendments made by this Act shall take effect upon enactment.

In that respect Lewis urges that this Court should adopt the reading given to that provision by another of its colleagues, Honorable William Hart, in Mojica v. Gannett Co., No. 90 C 3827, 1991 U.S. Dist. LEXIS 17388 (N.D. Ill. Nov. 27, 1991). There Judge Hart held that the Act's provisions were retroactive, applying not only to conduct engaged in after its effective date but to all actions that were pending on that date as well. According to Lewis, this action is "pending" because (Motion ¶3, at 7):

> The Supreme Court of the United States docketed the petition for writ of certiorari in this instant case on November 29, 1991 as Case No. 91-6668. Pursuant to Rule 12.1 of the Supreme Court of the United States, the instant case is a pending case. Since this case is pending in the Supreme Court and docketed after the

3

enactment of The Civil Rights Act of 1991, then The Civil Rights Act of 1991 must be effective for this instant case, its overruling Patterson provision reinstating plaintiff's 42 U.S.C. Section 1981 claim back to what it was in the May 26, 1989 court order, 713 F.Supp. 1227 (N.D. Ill. 1989).

Within the past two weeks a National Law Journal article has dealt with the already-much-mooted question of the Act's retroactivity--a subject that was left unresolved by Congress (Mojica, 1991 U.S. Dist. LEXIS 17388, at *3-4). According to that report, only Judge Hart among the judges who have considered the matter has issued a written opinion reaching an affirmative conclusion as to retroactivity (although a few other judges appear to have come to the same decision). Several other district judges have gone the other way.

But it is unnecessary for this Court to enter the fray on either side of that question. After all, Judge Hart was dealing in Mojica with a live action--one that was pending and awaiting imminent trial before him. By contrast, Lewis' case is long gone--nearly 18 months departed--from this Court. If this case is "pending" anywhere in some metaphysical sense, that is certainly not true before this Court. This Court is plainly without jurisdiction to entertain Lewis' motion other than on the Fed. R. Civ. P. ("Rule") 60(b) basis that is discussed and negated next in this opinion. If the court where the case *is* purportedly "pending"--the Supreme Court--wishes to revive Lewis' claim on the tenuous predicate that he now advances, it is for that Court and not for this one so to decide.

But to return to the only arguable possibility for

4

jurisdiction here, Lewis himself recognizes that his ticket of entry to this Court--if any indeed exists--must be under a Rule 60(b) motion to grant relief from the final judgment of dismissal. For that reason he invokes the catchall provision of Rule 60(b)(6): "any other reason justifying relief from the operation of the judgment." According to Lewis, his claims' attempted resuscitation "is appropriate to accomplish justice" (Motion ¶1 at 5, quoting <u>Klapprott v. United States</u>, 335 U.S. 601, 614-15 (1949)).

That view does not commend itself to this Court at all. It should be remembered that this District Court, at a time that it clearly had jurisdiction over Lewis' entire lawsuit, dismissed all of his claims other than the Section 1981 claim <u>on the merits</u> nearly 18 months ago. To be sure, <u>Lytle v. Household Manufacturing, Inc.</u>, 494 U.S. 545 (1990) has held that a plaintiff was not barred from litigating his Section 1981 claims before a jury in a situation where the lower court had quite erroneously dismissed those legal claims and had only then conducted a bench trial on plaintiff's equitable claims (in that case asserted under Title VII). But no such error infected the rulings issued in this case. Quite to the contrary, it was a binding (and by definition entirely valid) Supreme Court decision--<u>Patterson</u>--that properly <u>compelled</u> Judge Bua's dismissal of Lewis' Section 1981 claims, so that it was then entirely in order and proper for Magistrate Judge Gottschall to adjudicate Lewis' other claims (those under Title VI) on the

5

merits, as she did, in a bench trial.

Even if it were to be assumed arguendo that the Act's overruling of Patterson is to apply retroactively, no revisionist history of the type that is urged by Lewis "is appropriate to accomplish justice." This case is dramatically different from Lytle. Instead the operative principle is that stated by Parklane Hosiery Co. v. Shore, 439 U.S. 322 (1979), as stated by Justice Marshall at the opening of his opinion in Lytle, 494 U.S. at 547:

> In Parklane Hosiery Co. v. Shore, 439 U.S. 322 (1979), we held that a court's determinations of issues in an equitable action could collaterally estop relitigation of the same issues in a subsequent legal action without violating a litigant's right to a jury trial. Id. at 333.

Lewis has had his day in court. Hence the principles of issue preclusion ("collateral estoppel") operate with full force. And those principles teach that Magistrate Judge Gottschall's decision--a decision that Lewis "had failed to show that race was a factor in any of the adverse actions of which he complains..."--forecloses any remedy under Section 1981 as well. Accordingly Lewis' motion is denied in its entirety.

                                                                   Milton I. Shadur
                                                                   United States District Judge

Date: December 27, 1991

6